**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANA WAYMAN-TRUJILLO, | No. 17-15814 |
| Plaintiff-Appellee, | D.C. No. 3:16-cv-08182-SPL |
| v. | |
| COUNTY OF YAVAPAI; YAVAPAI COUNTY BOARD OF SUPERVISORS; ARLO G. DAVIS, | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted April 9, 2018
San Francisco, California

Before:  D.W. NELSON, KLEINFELD, and W. FLETCHER, Circuit Judges.

Defendants-Appellants County of Yavapai, Yavapai County Board of

Supervisors, and Arlo G. Davis ("County," "Board," and "Davis" respectively, and

collectively, "Defendants") appeal the partial denial of their motion to dismiss

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

based on Davis's qualified immunity defense.  We have jurisdiction under 28 U.S.C. § 1291.  We reverse the partial denial, holding that Davis is entitled to qualified immunity.

Davis is entitled to qualified immunity if (1) the facts alleged show that his conduct did not violate a constitutional right, or (2) the right allegedly violated was not clearly established at the time.  *Saucier v. Katz*, 533 U.S. 194, 200 (2001), *modified on other grounds*, *Pearson v. Callahan*, 555 U.S. 223 (2009).  We may begin our analysis with either prong.  *Pearson*, 555 U.S. at 236.

Here, we begin with the first prong.  "Speech made by public employees in their official capacity is not insulated from employer discipline by the First Amendment but speech made in their private capacity as a citizen is."  *Brandon v. Maricopa Cty.*, 849 F.3d 837, 843 (9th Cir. 2017).  A determination that Plaintiff-Appellee Ana Wayman-Trujillo ("Wayman-Trujillo") spoke at all relevant times in her capacity as a public employee would be "fatal" to her claims for relief.  *See Dahlia v. Rodriguez*, 735 F.3d 1060, 1067 n.4 (9th Cir. 2013) (en banc).  The district court noted that the scope of Wayman-Trujillo's job responsibilities is in dispute.  At this stage, "our task is not to resolve any factual dispute," but we must still "determine whether [Wayman-Trujillo's] allegations support a reasonable

inference that [s]he acted outside of h[er] professional duties," as she describes them in the complaint. *Id.* at 1076.

In evaluating whether Wayman-Trujillo spoke as a public employee or private citizen, we look to several "guiding principles." *Id.* at 1074–76. First, "generally, when a public employee raises complaints or concerns up the chain of command at his workplace about his job duties, that speech is undertaken in the course of performing his job." *Id.* at 1074 (internal citation and quotation marks omitted). Second, "[w]hen an employee prepares a routine report, pursuant to normal departmental procedure, about a particular incident or occurrence, the employee's preparation of that report is typically within his job duties." *Id.* at 1075. Third, we consider whether a public employee spoke "in direct contravention to his supervisor's orders," which suggests that the speech fell "outside of the speaker's professional duties," or pursuant to those orders. *Id.* at 1075–76.

We conclude that Wayman-Trujillo spoke as a public employee during the incidents that allegedly prompted Davis's adverse actions against her. First, Wayman-Trujillo spoke as a public employee when she met with Davis on July 1, 2015. Wayman-Trujillo alleges that she reported directly to the Board, of which Davis was a member. As Special Districts Coordinator, Wayman-Trujillo was

3

specifically responsible for "reviewing the invoices of . . . outside services related to special districts" and informing the Board of "special district information." The concerns she raised on July 1 were about the invoices and accounting practices of an outside contractor that provided administrative services for two special districts. Thus, in discussing her concerns with Davis, Wayman-Trujillo acted "pursuant to [her] duties." *See Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006).

We recognize that Wayman-Trujillo alleges that Davis recused himself from participating at several Board meetings at which Wayman-Trujillo's concerns were discussed. But that does not mean that Wayman-Trujillo was no longer responsible for keeping Davis informed about "special district information." Nor does Davis's recusal from certain Board meetings transform Wayman-Trujillo's conversations with him about the special districts for which she was responsible into speech made in her private capacity as a citizen.

We also recognize that Wayman-Trujillo's allegations suggest that she raised concerns about government waste and potential misconduct when she spoke to Davis. But even speech "[e]xposing governmental inefficiency and misconduct" can fall outside the First Amendment's protection if the speech is made "pursuant to [an employee's] professional duties." *Garcetti*, 547 U.S. at 425–26; *see also Dahlia*, 735 F.3d at 1075 (noting that raising concerns "about corruption or

4

systemic abuse" can still fall within "an employee's regular job duties" if she is responsible for "investigating such conduct"). Here, the issues reported by Wayman-Trujillo fell squarely within her responsibilities.

Second, Wayman-Trujillo spoke as a public employee when she made presentations to the Board during several meetings in 2015. Wayman-Trujillo alleges that her job required her to "present[] special district information at Board meetings." Moreover, the specific presentations she gave were at the behest of the Board, which set aside time for her to present her concerns.

Third, Wayman-Trujillo spoke as a public employee when she sent her notice of constructive discharge on October 16, 2015. The voicing of "individual personnel disputes and grievances" internally to an employee's supervisor and the human resources department does not qualify as protected private speech. *See Turner v. City and Cty. of S.F.*, 788 F.3d 1206, 1211–12 (9th Cir. 2015).

Last, at oral argument, Wayman-Trujillo clarified that she does not claim relief based on anonymous letters she alleges she sent to the Arizona Auditor General and Arizona Attorney General.

In holding that Davis did not violate Wayman-Trujillo's rights on the facts alleged, we necessarily also hold that the County and Board are not liable for any ratification of Davis's actions. *See Cunningham v. Gates*, 229 F.3d 1271, 1285

5

(9th Cir. 2000) (permitting the exercise of pendent jurisdiction when a decision on the issue of qualified immunity "necessarily resolves the pendent issue").

**REVERSED**